UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

| | |
|---|---|
| CHARLENA MINUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MIAMI-DADE COUNTY and MIAMI-DADE COUNTY DEPARTMENT OF TRANSPORTATION AND PUBLIC WORKS, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff CHARLENA MINUS ("Plaintiff") sues defendants MIAMI-DADE COUNTY and MIAMI-DADE COUNTY DEPARTMENT OF TRANSPORTATION AND PUBLIC WORKS ("Defendants") and alleges:

1. This is an action to recover damages for discrimination and retaliation pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA");

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1331, 1343(3) and (4) and 1367 (a).

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district, and because Defendants has its principal place of business within the district, resides in the judicial district, and because the employment records of Plaintiff are stored or have been administered, in Miami-Dade County.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

## PARTIES

5. At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

6. At all times material, Defendants were a public governmental department, having its main place of business in Miami-Dade County, Florida.

7. At all times material, Plaintiff was an "employee" as defined by 42 U.S.C. § 2000e(f), and an "aggrieved person" as defined by Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definitions of "aggrieved person" and "employee."

8. At all times material, Defendants were a "person" and "employer" as defined by 42 U.S.C. § 2000e(a) and (b), and Fla. Stat. § 760.02(6) & (7).

9. At all times material, Defendants employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

10. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

11. Plaintiff has complied with all conditions precedent in filing this action, to wit;

   a. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Miami District Office on or about April 23, 2018.

  b. Plaintiff was issued a Notice of Suit Rights as to all charges of discrimination and retaliation on or about September 12, 2019.

12. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## RELEVANT FACTS

13. Plaintiff was hired by Defendants in or about July of 1991.

14. At all times material, Plaintiff was employed by Defendants as a Rail Traffic Controller.

15. On or about August 20, 2016, while in the course of employment with Defendants, Plaintiff was involved in a work-related accident when an elevator contractor placed a piece of pipe on the floor and Plaintiff accidentally fell and injured herself.

16. The fall caused Plaintiff to injure her knees, elbows, wrists, shoulders, back, arms, stomach, and head. Based on these injuries, Plaintiff was unable to work for one (1) year.

17. Plaintiff immediately reported the accident and her injuries to Defendants.

18. Plaintiff was scheduled to undergo three (3) surgeries, and accordingly requested, and was subsequently denied, reasonable accommodations.

19. On or about August 7, 2017, Plaintiff returned to work.

20. Upon her return to work, Plaintiff was unable to reach the overhead storage, walked with the help of a walker, and had her hand in a sling. Furthermore, Plaintiff could no longer bend, squat, kneel, or stand or sit for long periods of time. As a result of her challenges, Plaintiff again requested, and was subsequently denied, reasonable accommodations.

21. Based on the fact that Plaintiff could not perform her job duties, Defendants' General Superintendent, Gregory Robinson, sent Plaintiff home until further notice.

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800  Telephone: 305.503.5131
Aventura, Florida 33180  Facsimile: 888.270.5549
3

22. In or about November of 2017, Plaintiff again returned to work. However, Plaintiff still faced the same challenges as when she initially returned to work on or about August 7, 2017. Yet again, Defendants failed to provide Plaintiff reasonable accommodation.

23. On or about February 20, 2018, Plaintiff was advised that she was going to be placed on a waiting list for reassignment if a position became available.

24. Defendants failed to reassign Plaintiff to a different position.

25. On or about March 15, 2018, Defendants terminated Plaintiff.

### COUNT I: DISCRIMINATION IN VIOLATION OF THE ADA – TERMINATION

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 above as if set out in full herein.

27. Plaintiff's injuries to her knees, elbows, wrists, shoulders, back, arms, stomach, and head qualify as a disability, or are perceived as a disability.

28. At all times material, Defendants were aware of Plaintiff's disability, or perceived disability.

29. At all times material, Plaintiff was qualified to perform the essential functions of her job.

30. Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because of her disability, or perceived disability.

31. Defendants thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the ADA.

32.  Plaintiff's disability, or perceived disability, was a motivating factor that caused Defendants to terminate Plaintiff.

33.  As a direct and proximate result of the actions of Defendants set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

34.  Furthermore, as a direct and proximate result of Defendants' actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendants' conduct.

35.  The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Declare that the acts complained of herein are in violation of the ADA;

B. Enter judgment in Plaintiff's favor and against Defendants for its violations of the ADA;

C. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

E. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the ADA;

F. Award Plaintiff prejudgment interest on her damages award;

G. Award Plaintiff reasonable costs and attorney's fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

### COUNT II: DISCRIMINATION IN VIOLATION OF THE ADA – FAILURE TO ACCOMMODATE

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 above as if set out in full herein.

37. Plaintiff's injuries to her knees, elbows, wrists, shoulders, back, arms, stomach, and head qualify as a disability, or are perceived as a disability.

38. At all times material, Defendants were aware of Plaintiff's disability, or perceived disability.

39. At all times material, Plaintiff was qualified to perform the essential functions of her job.

40. Plaintiff engaged in a protected activity when she continuously requested reasonable accommodations from Defendants.

41. The accommodations requested by Plaintiff were reasonable.

42. Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, failing to accommodate Plaintiff because of Plaintiff's disability, or perceived disability, and subsequently terminating Plaintiff's employment.

43. Defendants thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the ADA.

44. Plaintiff was not accommodated because of her disability, and/or Defendants' perception of such disability, in violation of the ADA, and because of such actions by Defendants, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

45. Plaintiff's disability, or perceived disability, was a motivating factor in refusing to accommodate Plaintiff.

46. As a direct and proximate result of the actions of Defendants set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

47. Furthermore, as a direct and proximate result of the actions of Defendants', Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendants' conduct.

48. The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Declare that the acts complained of herein are in violation of the ADA;

B. Enter judgment in Plaintiff's favor and against Defendants for its violations of the ADA;

C. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

E.  Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the ADA;

F.  Award Plaintiff prejudgment interest on her damages award;

G.  Award Plaintiff reasonable costs and attorney's fees; and

H.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT III: RETALIATION IN VIOLATION OF THE ADA – TERMINATION

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 above as if set out in full herein.

50. Plaintiff's injuries to her knees, elbows, wrists, shoulders, back, arms, stomach, and head qualify as a disability, or are perceived as a disability.

51. At all times material, Defendants were aware of Plaintiff's disability, or perceived disability.

52. At all times material, Plaintiff was qualified to perform the essential functions of her job.

53. Plaintiff engaged in a protected activity when she continuously requested reasonable accommodations from Defendants.

54. Defendants intentionally engaged in unlawful employment practices and retaliation in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because she continuously requested reasonable accommodations from Defendants.

55. Defendants thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the ADA.

56. Plaintiff's disability, or perceived disability, was a motivating factor that caused Defendants to terminate Plaintiff.

57. As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

58. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

59. The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Declare that the acts complained of herein are in violation of the ADA;

B. Enter judgment in Plaintiff's favor and against Defendants for its violations of the ADA;

C. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

E. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the ADA;

F. Award Plaintiff prejudgment interest on her damages award;

G. Award Plaintiff reasonable costs and attorney's fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

### COUNT IV: DISCRIMINATION IN VIOLATION OF THE FCRA – TERMINATION

60. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 above as if set out in full herein.

61. Plaintiff's injuries to her knees, elbows, wrists, shoulders, back, arms, stomach, and head qualify as a handicap/disability, or perceived handicap/disability.

62. At all times material, Defendants were aware of Plaintiff's disability/handicap, or perceived disability/handicap.

63. At all times material, Plaintiff was qualified to perform the essential functions of her job.

64. Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because of her handicap/disability, or perceived handicap/disability.

65. Defendants thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

66. Plaintiff's handicap/disability, or perceived handicap/disability, was a motivating factor that caused Defendants to terminate Plaintiff.

67. As a direct and proximate result of the actions of Defendants set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain and mental anguish.

68. Furthermore, as a direct and proximate result of Defendants' actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendants' conduct.

69. The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this honorable court:

A. Enter judgment in Plaintiff's favor and against Defendants for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award Plaintiff prejudgment interest on her damages award;

E. Award Plaintiff punitive damages;

F. Enjoin Defendants, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

G. Award Plaintiff reasonable costs and attorney's fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

### COUNT V: DISCRIMINATION IN VIOLATION OF THE FCRA – FAILURE TO ACCOMMODATE

70. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 above as if set out in full herein.

71. Plaintiff's injuries to her knees, elbows, wrists, shoulders, back, arms, stomach, and head qualify as a handicap/disability, or perceived handicap/disability.

72. At all times material, Defendants were aware of Plaintiff's disability/handicap, or perceived disability/handicap.

73. At all times material, Plaintiff was qualified to perform the essential functions of her job.

74. Plaintiff engaged in a protected activity when she continuously requested reasonable accommodations from Defendants.

75. The accommodations requested by Plaintiff were reasonable.

76. Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, failing to accommodate Plaintiff because of Plaintiff's handicap/disability, or perceived handicap/disability, and subsequently terminating Plaintiff's employment.

77. Defendants thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

78.     Plaintiff's handicap/disability, or perceived handicap/disability, was a motivating factor in refusing to accommodate Plaintiff.

79.     As a direct and proximate result of the actions of Defendants set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain and mental anguish.

80.     Furthermore, as a direct and proximate result of Defendants' actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendants' conduct.

81.     The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this honorable court:

A. Enter judgment in Plaintiff's favor and against Defendants for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award Plaintiff prejudgment interest on her damages award;

E. Award Plaintiff punitive damages;

F. Enjoin Defendants, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

G. Award Plaintiff reasonable costs and attorney's fees; and

H.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT VI: RETALIATION IN VIOLATION OF THE FCRA – TERMINATION

82. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 above as if set out in full herein.

83. Plaintiff's injuries to her knees, elbows, wrists, shoulders, back, arms, stomach, and head qualify as a handicap/disability, or perceived handicap/disability.

84. At all times material, Defendants was aware of Plaintiff's disability/handicap, or perceived disability/handicap.

85. Plaintiff engaged in a protected activity when she continuously requested reasonable accommodations from Defendants.

86. Defendants intentionally engaged in unlawful employment practices and retaliation in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because Plaintiff continuously requested reasonable accommodations from Defendants.

87. Defendants thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

88. Plaintiff's handicap/disability, or perceived handicap/disability, was a motivating factor that caused Defendants to terminate Plaintiff.

89. As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

90. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

91. The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this honorable court:

A. Enter judgment in Plaintiff's favor and against Defendants for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award Plaintiff prejudgment interest on her damages award;

E. Award Plaintiff punitive damages;

F. Enjoin Defendants, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

G. Award Plaintiff reasonable costs and attorney's fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: December 11, 2019.

                                                Respectfully submitted,

                                                By: _s/ R. Martin Saenz
                                                R. Martin Saenz, Esq.
                                                Fla. Bar No.: 640166
                                                SAENZ & ANDERSON, PLLC
                                                20900 NE 30th Avenue, Ste. 800
                                                Aventura, Florida 33180
                                                Telephone: (305) 503-5131
                                                Facsimile: (888) 270-5549