UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-25113-BLOOM/Louis

CHARLENA MINUS,

    Plaintiff,

v.

MIAMI-DADE COUNTY,

    Defendant.
_____/

**ORDER ON MOTION FOR AWARD OF COSTS**

**THIS CAUSE** is before the Court upon Defendant Miami-Dade County's ("Defendant") Verified Motion for Award of Costs, ECF Nos. [68] & [69] ("Motion"), following the entry of a final judgment in its favor. *See* ECF Nos. [66] & [67]. Plaintiff Charlena Minus filed her Response in Opposition to the Motion, ECF No. [70] ("Response"), to which Defendant replied, ECF No. [72] ("Reply"). The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see also Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6,

2011), *report and recommendation adopted*, 2011 WL 1598732 (S.D. Fla. Apr. 27, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). "Similarly, when a district court taxes costs against a losing party, the award of costs bears interest from date of original judgment." *Taylor Indus. Constr., Inc. v. Westfield Ins. Co.*, No. 8:16-cv-2960-T-SPF, 2020 WL 1873595, at *11 (M.D. Fla. Apr. 15, 2020) (citing *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994); *Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Under 28 U.S.C. § 1920, the Court may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course[;]" "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party."

*Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (internal citations omitted). "Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable." *Tejeda v. Swire Props., Inc.*, No. 18-23725-CIV, 2019 WL 8160724, at *3 (S.D. Fla. Dec. 26, 2019), *report and recommendation adopted*, No. 18-23725-CIV, 2020 WL 1062975 (S.D. Fla. Mar. 5, 2020); *see also Eugene v. 3Don & Partner Est. Grp., LLC*, No. 07-80439-CIV, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009). Indeed, "[u]nder Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007); *see also Zainulabeddin v. Univ. of S. Fla. Bd. of Tr.*, 749 F. App'x 776, 787 (11th Cir. 2018) ("Costs other than attorney's fees should be allowed to the prevailing party."). "To overcome the presumption and deny full costs under Rule 54(d), the trial judge must 'have and state a sound reason for doing so.'" *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)).

Defendant is the prevailing party in this matter, and it seeks to recover costs for deposition transcripts that were necessarily used in this case and for obtaining copies of Plaintiff's disability applications from the Social Security Administration and the Florida Retirement System. Specifically, Defendant seeks a total reimbursement amount of $3,396.20,[1] comprised of $3,061.20 in deposition transcripts and $335.00 for costs related to obtaining the disability applications. Additionally, Defendant has submitted all relevant documentation in support of its request, and the associated invoices and payment records. *See* ECF Nos. [68-1], [68-2], & [69]. Plaintiff opposes the Motion, arguing that awarding these costs would impose undue financial

---

[1] Defendant originally sought to recover an additional $675.00 in costs incurred for mediation, but subsequently withdrew its request for this cost in its Reply. *See* ECF No. [72] at 1 n.2.

Case 1:19-cv-25113-BB   Document 73   Entered on FLSD Docket 05/24/2021   Page 4 of 7

Case No. 19-cv-25113-BLOOM/Louis

hardship upon her and that she litigated this case in good faith based on genuine disputes of fact.[2] Thus, Plaintiff argues that the Court should exercise its discretion not to award these costs.

The Court first addresses recovery of costs for deposition transcripts and court reporter fees. "Deposition transcripts are taxable costs if they were 'necessarily obtained' for use in the case." *Greer v. Ivey*, No. 6:15-cv-677-Orl-41GJK, 2020 WL 2841377, at *2 (M.D. Fla. Apr. 28, 2020) (quoting *Taylor Indus. Constr., Inc.*, 2020 WL 1873595, at *8), *report and recommendation adopted*, No. 6:15-cv-677-Orl-41GJK, 2020 WL 2838843 (M.D. Fla. June 1, 2020). Ultimately, "courts have wide latitude in determining whether a deposition was 'necessarily obtained' for use in the case." *Eugene*, 2009 WL 996016, at *14 (quoting *Ferguson v. Bombardier Srvs. Corp.*, No. 8:03-cv-539-T-31DAB, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007)). Further, "deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success[.]" *Comput. Program & Sys. v. Wazu Holdings, Ltd.*, No. 15-00405, 2019 WL 1119352, at *8 (S.D. Fla. Mar. 11, 2019) (quoting *Ferguson*, 2007 WL 601921, at *3). "The test is whether any portions of the depositions were 'related to an issue which was present in the case at the time the deposition was taken.'" *Sweet Sage Cafe, LLC v. Town of N. Redington Beach, Fla.*, No. 8:18-cv-1080-T-02CPT, 2019 WL 1959907, at *1 (M.D. Fla. May 2, 2019) (quoting *EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)).

"A deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *Comput. Program & Sys. v. Wazu Holdings, Ltd.*, No. 15-00405, 2019 WL 1119352, at *9 (S.D. Fla. Mar. 11, 2019) (citing *Air Turbine Tech., Inc. v. Atlas Copco AB*, No. 01-8288-CIV, 2008 WL

---

[2] Notably, Plaintiff does not raise specific objections to any of Defendant's requested costs aside from the mediation costs, which Defendant has withdrawn. As such, there is no dispute that the costs requested by Defendant are properly taxable.

544731, at *3 (S.D. Fla. Feb. 26, 2008)). "As such, the non-prevailing party must pose a specific objection to any deposition transcript that it believes is not taxable." *Id.* (citing *Dillon v. Axxsys Int'l., Inc.*, No. 8:98-cv-2237-T-23TGW, 2006 WL 3841809, at *6 (M.D. Fla. Dec. 19, 2006)).

Defendant asserts that the deposition transcript costs incurred were necessarily obtained for use in the case, and the Court notes that these depositions were in fact used in support of its summary judgment motion, which was ultimately granted. Moreover, Defendant's Bill of Costs and supporting attachments sufficiently establish that the costs incurred for deposition transcripts were necessarily obtained for use in the case. Absent any objection from Plaintiff as to these costs, the Court concludes that Defendant is entitled to reimbursement of $3,061.20 for the transcripts. *See Early v. City of Homestead*, No. 18-24260-CIV, 2020 WL 992776, at *1 (S.D. Fla. Jan. 31, 2020) ("Further, the deposition transcripts included in the motion were necessary for the successful presentation of the defenses in the case. Defendants have thus met their burden to seek reimbursement of these costs and for the amounts requested. Under those circumstances, a strong presumption exists in favor of awarding costs." (citing *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017))), *report and recommendation adopted*, No. 18-24260-CIV, 2020 WL 977951 (S.D. Fla. Feb. 28, 2020).

Likewise, "Section 1920 provides for fees for 'copies of papers necessarily obtained for use in the case.'" *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) (quoting 28 U.S.C. § 1920(4)), *aff'd*, 998 F.2d 1023 (11th Cir. 1993). "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to opposing party, copies of exhibits and documents prepared for the Court's consideration are recoverable." *Brown v. Lassiter-Ware, Inc.*, No. 6:11-cv-1074-Orl-36DAB, 2014 WL 5258912, at *4 (M.D. Fla. Oct. 15, 2014) (citation omitted). Similar to deposition costs, courts should consider whether the prevailing party "could have reasonably believed" that the copies were necessary for the successful litigation of the

case. *Eugene*, 2009 WL 996016, at *14 (quoting *W&O, Inc.*, 213 F.3d at 623).

Defendant seeks to recover $335.00 in costs incurred in connection with obtaining copies of Plaintiff's disability applications in this case. These disability applications were vital to the successful defense asserted by Defendant in this case and thus were undoubtedly necessary. Accordingly, the Court is satisfied that these costs were necessarily obtained for use in this case and concludes that Defendant is entitled to recover $335.00 in costs for obtaining copies of these disability applications.

Turning to Plaintiff's objection to the Motion, she argues that she should not be forced to reimburse Defendant for the requested costs because doing so would impose financial hardship on her. Specifically, Plaintiff argues that, although she receives $9,854.63 in disability benefits per month (i.e., $118,255.56 per year), she cannot afford to pay these costs in addition to her monthly expenses.[3] Upon review of her expenses and the supporting documentation submitted in support of Plaintiff's position, the Court concludes that Plaintiff is able to pay the taxable costs in this case and that she has not sufficiently overcome the presumption in favor of awarding these costs. Specifically, as Defendant notes, Plaintiff receives over $100,000.00 per year in disability benefits, and she is able to lease two cars, rent storage space in addition to her almost $3,000.00 per month mortgage, and makes $500.00 per month in charitable contributions. Additionally, even after paying all of her expenses, Plaintiff still retains over $3,000.00 of her disability benefits per month. The Court is not persuaded that Plaintiff's financial situation warrants a departure from the presumption in favor of awarding costs to the prevailing party.

---

[3] Plaintiff explains that she pays $2,987.81 per month for her mortgage; $1.045.00 per month for storage lockers; $46.67 per month for prescription medication; $73.52 per month for premiums on her two life insurance policies; $748.76 per month to lease two cars; $283.25 per month for car insurance on her two cars; $354.00 per month for homeowners' association fees; $131.90 per month for her water and sewer bill; $99.74 per month for electricity; $60.00 per month for her cell phone bill; a minimum of $500.00 per month in other reasonable household expenses such as gas, food, clothes, cleaning supplies, etc.; and she donates $500.00 per month to her church. In total, these expenses amount to $6,830.65.

Case No. 19-cv-25113-BLOOM/Louis

Following review of the materials submitted and the arguments presented, the Court finds that the requested costs are reasonable and recoverable. *See Greer*, 2020 WL 2841377, at *2 ("Deposition transcripts are taxable costs if they were 'necessarily obtained' for use in the case. Court reporter per diem appearance fees and exhibit costs are also recoverable." (citations omitted)); *Brown*, 2014 WL 5258912, at *4 ("Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to opposing party, copies of exhibits and documents prepared for the Court's consideration are recoverable."). Accordingly, Defendant is entitled to recover a total amount of **$3,396.20** in taxable costs, and this "award of costs bears interest from date of original judgment."[4] *Taylor Indus. Constr., Inc.*, 2020 WL 1873595, at *11. However, Plaintiff will be permitted to pay this amount incrementally, as set forth below.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF Nos. [68] & [69]**, is **GRANTED**.
2. Defendant is awarded **$3,396.20** in taxable costs, plus post-judgment interest from the date of the judgment. Plaintiff may pay this amount incrementally by making minimum payments of **$100.00 per month**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 24, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[4] This Court entered Final Judgment on April 8, 2021. *See* ECF No. [67].